MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: SERRIN TURNER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2701
Fax: (212) 637-2686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
NIDIA PERALTA-JIMENEZ, A#38-924-176,

     Plaintiff,

  v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICE, New York District, ANDREA
QUARANTILLO, District Director, U.S. Citizenship
and Immigration Services,

     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ANSWER**

07 Civ. 7386 (GBD) (MHD)

ELECTRONICALLY FILED

    Defendants, by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answer the complaint[1] on information and belief as follows:

---

[1] Although plaintiff styles her pleading not only as a complaint but also as a petition for "judicial review of denial of naturalization under section 310(c) of the Immigration and Nationality Act and Chapter 7 Title 5 United States Code and All Writs Act for equal protection and rights as prescribed for individuals having 10 years of good moral character after conducts prohibited under 8 C.F.R. 313.2," the pleading is properly considered simply a complaint. The Second Circuit recently held that "[t]he Federal Rules of Civil Procedure 'are applicable to proceedings for admission to citizenship . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States . . . and has heretofore conformed to the practice in civil actions.'" *Chan v. Gantner*, 464 F.3d 289, 293 (2d Cir. 2006) (quoting Fed. R. Civ. P. 81(a)(2)). The Rules establish "one form of action to be known as [a] 'civil action,'" Fed. R. Civ. P. 2 (quotation marks in original), which, except in circumstances not pertinent here, "is commenced by filing a complaint," Fed. R. Civ. P. 3; *see also* Fed. R. Civ. P. 1 (Rules "govern procedure in the United States district courts in all suits of a civil nature"), and the writ of mandamus was abolished more than 70 years ago with the promulgation of the Rules, *see* Fed. R. Civ. P. 81(b) ("The writs of *scire facias* and *mandamus* are abolished."); *see also In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996) (same); *Espin v. Gantner*, 381 F.

1. The first unnumbered paragraph of the first page (beginning with "Petitioner, NIDIA PERALTA") sets forth plaintiff's characterization of this action, to which no response is required.

2. The second unnumbered paragraph of the first page sets forth plaintiff's characterization of the legal basis for this action, to which no response is required.

3. The first sentence of the third unnumbered paragraph of the first page sets forth plaintiff's characterization of the legal basis for this action, to which no response is required. The second sentence of this paragraph names the defendants to this complaint, to which no response is required.

4. The fourth unnumbered paragraph of the first page sets forth plaintiff's certificate of service, to which no response is required. To the extent a response is deemed required, defendant denies except to admit that it was not served with the complaint until August 6, 2007.

5. As to the second page (labelled "AFFIDAVIT IN SUPPORT OF JUDICIAL REVIEW"), paragraph labelled "First," admit.

6. As to the second page, paragraph labelled "Second," admit.

7. As to the second page, paragraph labelled "Third," deny.

8. As to the second page, paragraph labelled "Fourth," deny except to admit that plaintiff's proffered evidence of rehabilitation was deemed insufficient to establish good moral character by the U.S. Citizenship and Information Services.

9. As to the second page, paragraph labelled "Fifth," deny knowledge or information sufficient to form a belief as to the allegations in this paragraph.

---

Supp. 2d 261, 263-64 (S.D.N.Y. 2005) (same); *Cordoba v. McElroy*, 78 F. Supp. 2d 240, 242 (S.D.N.Y. 2000) (same).

10. As to the second page, concluding paragraph, this paragraph sets forth in essence plaintiff's characterization of her complaint, to which no response is required.

## FIRST DEFENSE

The final administrative decision issued by the USCIS denying plaintiff's naturalization application was properly issued, was supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of USCIS's broad discretion in naturalization matters.

## SECOND DEFENSE

The complaint was not served on the U.S. Attorney's Office until August 6, 2007.

\* \* \*

WHEREFORE the defendants pray that this Court enter judgment dismissing the action and award such other and further relief as the Court deems just and proper, including costs and disbursements.

Dated: New York, New York
      October 5, 2007

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By:   /s/ Serrin Turner
SERRIN TURNER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2701
Fax: (212) 637-2686